James E. Bailey, OSB # 922008
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: jbailey@byllp.com

Aron D. Yarmo, OSB # 934626
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: ayarmo@byllp.com

Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
v: 503.234.7711
e: markhubert@pacifier.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STAY FROSTY ENTERPRISES LLC, an Oregon Limited Liability Company, | Case No. 3:18-cv-283 |
| | **COMPLAINT** |
| Plaintiff, | |
| v. | **Copyright Infringement – 35 U.S.C. § 271 And Conversion** |
| AMAZON.COM INC., a Delaware Corporation; TEESPRING.COM INC., a Delaware Corporation; KIDDER CORP, a Delaware Corporation; SUNFROG LLC, a Michigan Limited Liability Company; US DOD COINS LLC, a Florida Limited Liability Company; EMPIRE DESIGN AND INSIGNIA, DBA EMPIRE COIN CO, a New York Limited Liability Company; VIRALSTYLE LLC, a Florida Limited Liability Company; SPREADSHIRT INC., a Delaware Corporation; TEEZILLY LLC, a New York Limited Liability Company; VETERAN APPAREL, LLC a North | **DEMAND FOR JURY TRIAL** |

Page 1 – COMPLAINT

Carolina Limited Liability Company; ISMAEL
RAMOS, an individual; MILCOINS.COM LLC,
a Connecticut Limited Liability Company; and
COASTAL ADVERTISING SPECIALITIES
INC, a Georgia Corporation;

     Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Stay Frosty Enterprises, LLC (hereinafter "Plaintiff"), by and through its

undersigned counsel, for its Complaint against Defendants Teespring.com, Inc., Kidder Corp,

Sunfrog LLC, US DOD Coins LLC, Empire Design and Insignia, Viralstyle LLC, Spreadshirt

Inc., Teezilly LLC, Veteran Apparel LLC,, Ismael Ramos, Milcoin.com LLC, and Coastal

Advertising Specialties (hereinafter, "Defendant(s)") states the following. Allegations made on

belief are premised on the belief that the same are likely to have evidentiary support after a

reasonable opportunity for further investigation and discovery.

## PARTIES

### 1.

Plaintiff is an Oregon Limited Liability Company having its principal place of business at

4802 SW Scholls Ferry Road, Suite C, Portland, OR 97225.  Plaintiff's Oregon Business

Registration Number is 1156825-93, and its registration is valid and current. Plaintiff's registered

agent is Todd Gilbert at 4537 SW 45th Ave., Portland, OR 97221. Plaintiff is in the business of

designing original works of art put onto apparel, specialty "challenge" coins, posters, and other

items that are primarily marketed via the internet, to individuals in the military, law enforcement,

public safety communities, enthusiasts, collectors and others.

//

//

**Page 2 – COMPLAINT**

**2.**

Defendant Amazon.com Inc. ("Amazon") is a Delaware corporation having a principal place of business of 270 East Hill Road, Canton, CT 06019. The address of the registered office is 1013 Centre Road, Wilmington, DE 19805, and the name of its registered agent at such address is Corporation Service Company. Amazon is primarily engaged in hosting a website for third party sellers as well as advertising and selling goods under their own brand on this same website.

**3.**

Defendant Teespring Inc. ("Teespring") is a Delaware Corporation with multiple regional offices throughout the United States and a large garment printing facility located in Hebron, KY. Teespring has three different business registrations in the state of Delaware bearing the same name but with numbers 4953358 (2011), 5626850 (2014) and 5436431 (2013). The registered agent of service is Registered Agent Solutions, 9 E. Loockerman Street, Suite 311, Dover, DE 19901. Teespring is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders for products, primarily via the internet, for apparel bearing designs.

**4.**

Defendant Kidder Corp ("Kidder"), dba KidderCorp Coins and KidderCorp Custom Coins, is a Delaware corporation having a principal place of business of 270 East Hill Road, Canton, CT 06019. The registered agent of service is Martin W. Kidder at 270 East Hill Road, Canton, CT 06019. Kidder is primarily engaged in manufacturing, advertising and selling specialty "challenge" coins primarily to military and law enforcement personnel.

**5.**

Defendant Sunfrog LLC, dba Sunfrog.com, ("Sunfrog") is a limited liability company organized under the laws of the State of Michigan and having its primary place of business as

1782 O'Rourke Blvd., Gaylord, MI 49735. The registered agent of service is Kirk Yodzevicis at

1782 O'Rourke Blvd., Gaylord, MI 49735. Sunfrog is engaged in the business of selling,

advertising, marketing, producing, printing and shipping clothing orders for products, primarily

via the internet, bearing designs.

6.

Defendant Empire Design and Insignia LLC, dba Empire Coin Company ("Empire") is a

limited liability company organized under the laws of the State of New York and having a

principal place of business at 7105 Third Avenue, Suite 511, Brooklyn, NY 11209. Empire has

no registered agent listed with the New York Secretary of State.  Empire is engaged in the

business of selling, advertising, marketing, producing, and shipping embossed specialty

"challenge" coins, primarily via the internet, bearing designs.

7.

Defendant US DOD Coins LLC ("DOD") is a limited liability company organized under

the laws of the State of Florida and having a principal place of business at 3623 Craigsher Drive,

Apopka, FL 32712.  The registered agent of service is Josh Mott at 3623 Craigsher Drive,

Apopka, FL 32712. DOD is engaged in the business of selling, advertising, marketing,

producing, and shipping embossed specialty "challenge" coins, bottle openers, dog tags, belt

buckles, and other articles, primarily via the internet, bearing designs.

8.

Defendant Viralstyle LLC ("Viralstyle") is a limited liability company organized under

the laws of the State of Florida having a principal place of business at 601 N. Ashley Drive, Suite

500, Tampa, FL 33602. The registered agent of service is InCorp Services, Inc. at 17888 67th

Court North, Loxahatchee, FL 33470. Viralstyle is engaged in the business of selling,

advertising, marketing, producing, and shipping apparel and other articles, primarily via the internet, bearing designs.

**9.**

Defendant Spreadshirt Inc. ("Spreadshirt") is a foreign corporation organized in the US under the laws of the State of Delaware, having a principal place of business at 186 South St., 3rd Floor, Boston, MA 02111. The registered agent of service is Gerrit Betz at 186 South St., 3rd Floor, Boston, MA 02111. Spreadshirt is engaged in the business of selling, advertising, marketing, producing, and shipping apparel and other articles, primarily via the internet, bearing designs.

**10.**

Defendant Teezily LLC ("Teezilly") is a limited liability company organized under the laws of the State of New York. Its registered agent of service is Corporation Service Co. at 80 State Street, Albany, NY 12207. Teezilly is engaged in the business of selling, advertising, marketing, producing, and shipping apparel and other articles, primarily via the internet, bearing designs.

**11**.

Defendant Veteran Apparel LLC ("Veteran") is a limited liability company organized under the laws of the State of North Carolina, having a principal place of business of 224 Topsail Drive, Angier, NC 27501.  Veteran's registered agent of service of Dennis Davoren at 6135 Park South Drive, Suite 510, Charlotte, NC 28210-0100. Veteran is engaged in the business of selling, advertising, marketing, producing, and shipping apparel and other articles, primarily via the internet.

//

//

**12.**

Defendant Ismael Ramos ("Ramos") is an individual selling specialty "challenge" coins on Facebook. He is a Navy Chief serving at Nepmu-6 Command, in Hawaii. His address is Navy Environmental Preventive Medicine Unit Six (NEPMU-6), 385 South Ave., Building 618, Pearl Harbor, HI 96860. Ramos is engaged in the business of selling, advertising, marketing, producing, and shipping specialty "challenge" coins, primarily via the internet, bearing designs.

**13.**

Defendant Milcoins.Com LLC ("Milcoins") is a limited liability company organized under the laws of the State of Connecticut having a principal place of business at 18 Live Oaks Rd., Milford, CT 06460. The registered agent of service is Barbara Bratz at 2015 Bridgeport Ave., Milford, CT 06410. Milcoins is engaged in the business of selling, advertising, marketing, producing, and shipping specialty "challenge" coins primarily via the internet, bearing designs.

**14.**

Defendant Coastal Advertising Specialties Inc. ("Coastal") is a corporation organized under the laws of the State of Georgia having a principal place of business at 358 Osprey Crescent, Saint Mary's, GA 31558. The registered agent of service is Sharon Altiser at 358 Osprey Crescent, Camden, Saint Mary's, GA 33155. Coastal is engaged in the business of selling, advertising, marketing, producing, and shipping specialty "challenge" coins primarily via the internet, bearing designs.

**JURISDICTION**

**15**.

This is a civil action for copyright infringement seeking injunctive relief and damages. Jurisdiction of this Court is proper under 28 U.S.C. §1331 (*federal question*), 28 U.S.C. §1332 (*diversity and amount in controversy*), 28 U.S.C. §1367 (*supplemental jurisdiction*),

and 28 U.S.C. §1338, as it is an action arising under Acts of Congress relating to copyrights,
namely, the Copyright Act of 1976, 17 U.S.C. §101 et seq.

**16.**

This Court has *in personam jurisdiction* over each Defendant because they conduct
business within Oregon, the forum state, and have committed acts of copyright infringement in
this District.  Defendants advertise and sell clothing and coins from their on-line stores directed
at customers nationwide, including Oregon.  The Defendants have systematic and continuous
contacts with the State of Oregon and have purposefully availed themselves the privilege of
conducting activities in Oregon by soliciting and/or conducting business transactions in Oregon.
The Plaintiff has suffered damages in the State of Oregon from the Defendants' acts.

**VENUE**

**17.**

A substantial part of the acts, events and omissions giving rise to the claims asserted in
this action occurred within this Judicial District, and venue is therefore proper in this Court under
28 U.S.C. §§ 1391(b) and (c), and 1400(b).  Because the parties are citizens of different states
and the matter in controversy exceeds the sum or value of seventy-five thousand dollars
($75,000.00), exclusive of interest and costs, this Court also has jurisdiction under 28 U.S.C. §
1332. Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and
principles of pendent jurisdiction because those claims are substantially related to the federal
claims.

**FACTS COMMON TO ALL COUNTS**

**18.**

Derek Frost created numerous works of visual art. He applied for copyright registration
for all of the 28 works of art depicted in the illustrations appended as EXHIBIT A, with the

United States Copyright Office, complying in all respects with the registration and deposit

requirements of the Copyright Act. The following 28 registered U.S. copyrights (delineated in

TABLE 1 below) were duly and legally issued to him. These US copyright certificates constitute

prima facie evidence of the validity of these 28 copyrights and of the facts stated therein,

pursuant to 17 U.S.C. § 410(c). A copy of the copyright registration certificates is appended as

EXHIBIT B.

**TABLE 1**

| Exhibit A Artwork | Registration Number & Title | Exhibit B Certificate & Date |
|---|---|---|
| Page 1 | VA-1-997-050<br>Shogun Pacific Chiefs (NCO 35) | Page 1<br>February 21, 2016 |
| Page 2 | VA 2-070-906<br>VSWA 007 Navy Rate | Page 2<br>April 23, 2017 |
| Page 3 | VA 2-070-983<br>VSWA 335 Navy Submarine Force Grim Reaper | Page 3<br>April 23, 2017 |
| Page 4 | VA 2-038-467<br>VWSA 327 Cold War Veteran Coin | Page 4<br>March 19, 2017 |
| Page 5 | VA 1-997-312<br>US Navy Snipe | Page 5<br>Jan 7, 2016 |
| Page 6 | VA 1-997-049<br>Corpsman Est 1898 | Page 6<br>Feb 21, 2016 |
| Page 7 | VA 1-997-039<br>Iyaoyas Reaper VSW 1017 | Page 7<br>Feb 23, 2016 |
| Page 8 | VA 2-038-460<br>VSW 987 Goatlocker Tavern Chief | Page 8<br>March 19, 2017 |
| Page 9 | VA 1-997-014<br>Combat Medic Pin-Up Girl VSW 884 | Page 9<br>Feb 23, 2016 |
| Page 10 | VA 2-070-502<br>VSW 402 Navy Jolly Rodger Iyaoyas | Page 10<br>April 21, 2017 |
| Page 11 | WA 1-969-114<br>Navy Crow FCPOA | Page 11<br>July 20, 2015 |
| Page 12 | VA-2-062-460<br>VSW 861 Navy Chief – Tried, Tempered, Trued | Page 12<br>June 28, 2017 |
| Page 13 | VA 1-969-118<br>Jolly Roger – Sea is Ours | Page 13<br>July 15, 2015 |
| Page 14 | VA 1-997-320<br>Navy Jolly Roger | Page 14<br>December 31, 2015 |

| Page 15 | VA 1-969-113<br>Navy Corpsman | Page 15<br>July 9, 2015 |
|---|---|---|
| Page 16 | VA 2-030-563<br>Sniper – One Shot One Kill | Page 16<br>July 6, 2016 |
| Page 17 | VA 1-997-040<br>Minesweeper VSWA 026 | Page 17<br>February 23 2016 |
| Page 18 | VA 2-038-539<br>VSWA 027 Shellback Skull King | Page 18<br>March 19, 2017 |
| Page 19 | VA 1-997-020<br>Nerves of Steel | Page 19<br>February 23, 2016 |
| Page 20 | VA 1-969-112<br>Navy Chief Anchored | Page 20<br>July 15, 2015 |
| Page 21 | VA 1-997-405<br>ISIS Hunting Club | Page 21<br>September 14, 2015 |
| Page 22 | PA 2-012-449<br>US Veteran It Cannot Be Inherited | Page 22<br>November 5, 2015 |
| Page 23 | VA 2-041-272<br>Oath to the Constitution | Page 23<br>July 2, 2016 |
| Page 24 | VA-2-002-933<br>Navy Squid | Page 24<br>December 31, 2015 |
| Page 25 | VA 2- 038-463<br>Donald Trump Commander in Chief | Page 25<br>March 19, 2017 |
| Page 26 | VA 2-071-327<br>Navy Snipes A Gang | Page 26<br>May 31, 2017 |
| Page 27 | VA 1-996-982<br>Seabees | Page 27<br>Feb 23, 2016 |
| Page 28 | VA 1-969-116<br>Vietnam Veteran Dragon | Page 27<br>July 15, 2015 |
| Page 29 | VA 2-038-465<br>Damn the Torpedoes Full Steam Ahead | Jan 1, 2014 |
| Page 30 | VA 2-070-910<br>K-9 Veteran | Feb 23, 2017 |
| Page 31 | VA 1-997-032<br>Air Force Security Police K-9 | Jan 1, 2014 |
| Page 32 | VA 1-998-197<br>Deck Ape | Jan 1, 2014 |
| Page 33 | VA 2-038-477<br>Give Me Liberty or Give Me Death | Jan 1, 2016 |
| Page 34 | VA 2-038-472<br>Desert Storm Veteran | Mar 19, 2017 |
| Page 35 | VA 1-997-041<br>Mortarman | Feb 23, 2016 |
| Page 36 | VA 1-997-043<br>Navy Shellback Court of Neptune Rex | Feb 23, 2016 |

**19.**

There remain numerous copyright registrations for additional recent works of visual art, also infringed by Defendants, which have not issued as copyright registrations at the time of this filing. The US Trademark Office's processing of these registrations is expected to be complete before resolution of this matter and these will be incorporated as additional counts of copyright infringement against one or more of the Defendants, in an amended complaint.

**20.**

Derek Frost has assigned his entire rights, titles, and interest in all of the works of art to Plaintiff, including all of the aforementioned copyright registrations and copyright applications. This includes the right to sue for and recover all past, present and future damages for copyright infringement of these works of art. A copy of this assignment has been appended as EXHIBIT C.

**21.**

Plaintiff legally owns the designs depicted in EXHIBIT A, all the exclusive copyrights therein, and is entitled to copyright protection.

**22.**

Plaintiff fabricates, advertises and sells apparel bearing their unique, copyrighted, work of art designs. Plaintiff also advertises and sells specialty "challenge" coins fabricated and embossed with these same works of art designs. "Challenge" coins are collectable military coins generally distributed to active military personnel as recognition of service or work well done. The "challenge" coins are customarily displayed in shadow boxes. The Plaintiff controls the advertising, orders, and sales from any of their numerous websites, primarily from *vision-strike-wear.com.*

//

//

**23.**

Plaintiff has a website used for the sale of its copyrighted artwork applied to apparel and "challenge" coins. Access to view all of Plaintiff's works of art is through Plaintiff's website. Plaintiff's website bears the following caution:

*NOTE: ALL ARTWORK - Artwork developed or completed by Vision-Strike-Wear.Com is owned exclusively by Vision-Strike-Wear.Com. Creation of requested artwork by Vision-Strike-Wear.Com for its customers does not imply or transfer artwork rights to its customer. Reproduction of Vision-Strike-Wear.Com artwork in part or whole is reserved and may not be reproduced without written permission of Vision-Strike-Wear.Com.*

**24.**

Plaintiff has expended substantial resources in designing, promoting, manufacturing and selling its apparel and specialty "challenge" coins, and has built a valuable business based on demand for its distinctively styled, quality apparel and specialty "challenge" coins. Plaintiff has become identified in the minds of the public as the provider of the same.

**25.**

Plaintiff has not currently provided anyone the permission, consent or authorization to use its works of art, or any derivative thereof.

**26.**

All Defendants are competitors of Plaintiff and had access to view all of Plaintiff's works of art through the Plaintiff's main website *vision-strike-wear.com* which bears photographs of each work of art. Plaintiff's website has been in existence since 2009 and has a large volume of sales such that the works of art have been widely disseminated. Plaintiff sells to all states, and historically Oregon has accounted for approximately 1.8 % of all sales, averaging 70 tee shirt sales annually. Recently Plaintiff's Tee shirt sales dropped dramatically since the introduction of the Defendants' competing websites which are selling tee shirts bearing Plaintiffs copyrighted

works of art. In 2017, between the first quarter and the last quarter of the year, the volume of

Plaintiff's tee shirts sales dropped by half. The reduced sales volume is shown as follows:

2017 Q1 – $26,668.31 gross income from the sale of 1047 tee shirts,

2017 Q2 – $24,584.66 gross income from the sale of 1018 tee shirts,

2017 Q3 – $16,883.80 gross income from the sale of 790 tee shirts,

2017 Q4 – $13,914.58 gross income from the sale of 531 tee shirts.

### COUNTS ONE TO THIRTY-ONE
### COPYRIGHT INFRINGEMENT
### DEFENDANT AMAZON

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

### 27.

Defendant Amazon is engaged in the business of selling, advertising, marketing,

producing, printing and shipping orders for products, primarily via the internet, for apparel

bearing designs. On its website, Amazon has offered for sale and, upon information and belief,

has sold sweatshirts and T-shirts bearing federally registered works of visual art which are

owned by the Plaintiff, across the entire United States without consent, permission or

authorization.

### 28.

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It

is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design

"Shogun Pacific Chiefs" as seen in Exhibit A, page 1, (which is the subject of Copyright

Certificate # VA 1-997-050).  It exudes the same "look and feel" as Plaintiff's "Shogun Pacific

Chiefs."



**29.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Rate" as seen in Exhibit A, page 2, (which is the subject of Copyright Certificate # VA 2-070-906).  It exudes the same "look and feel" as Plaintiff's "Navy Rate."



**30.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Submarine Force Grim Reaper" as seen in Exhibit A, page 3, (which is the subject of Copyright Certificate # VA 2-070-983).  It exudes the same "look and feel" as Plaintiff's "Navy Submarine Force Grim Reaper."

**Page 13 – COMPLAINT**



**31.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Cold War Veteran Coin" as seen in Exhibit A, page 4, (which is the subject of Copyright Certificate # VA 2-08-467).  It exudes the same "look and feel" as Plaintiff's "Cold War Veteran Coin."



**32.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "US Navy Snipe" as seen in Exhibit A, page 5, (which is the subject of Copyright Certificate # VA 1-997-312).  It exudes the same "look and feel" as Plaintiff's "US Navy Snipe."



**33.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Corpsman Est 1898" as seen in Exhibit A, page 6, (which is the subject of Copyright Certificate # VA 1-997-049).  It exudes the same "look and feel" as Plaintiff's "Corpsman Est 1898."



**34.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Iyaoyas Reaper" as seen in Exhibit A, page 7, (which is the subject of Copyright Certificate # VA 1-997-039).  It exudes the same "look and feel" as Plaintiff's "Iyaoyas Reaper."



**35.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Goatlocker Tavern Chief" as seen in Exhibit A, page 8, (which is the subject of Copyright Certificate # VA 2-038-460).  It exudes the same "look and feel" as Plaintiff's "Goatlocker Tavern Chief."



**36.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Combat Medic Pin Up Girl" as seen in Exhibit A, page 9, (which is the subject of Copyright

Certificate # VA 1-997-014).  It exudes the same "look and feel" as Plaintiff's "Combat Medic Pin Up Girl."



**37.**

The picture of the shirts as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted designs "Navy Jolly Roger Iyaoyas" as seen in Exhibit A, page 10, (which is the subject of Copyright Certificate # VA 2-070-502). It exudes the same "look and feel" as Plaintiff's "Navy Jolly Roger Iyaoyas.



**38.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy

Crow" as seen in Exhibit A, page 11, (which is the subject of Copyright Certificate # VA 1-969-114).  It exudes the same "look and feel" as Plaintiff's "Navy Crow."



**39.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Chief Tried Tempered and Trued" as seen in Exhibit A, page 12, (which is the subject of Copyright Certificate # VA 2-062-460).  It exudes the same "look and feel" as Plaintiff's "Navy Chief Tried Tempered and Trued."



**40.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Jolly

Roger – Sea is Ours" as seen in Exhibit A, page 13, (which is the subject of Copyright Certificate # VA 1-969-118).  It exudes the same "look and feel" as Plaintiff's "Jolly Roger – Sea is Ours."



**41.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Jolly Roger" as seen in Exhibit A, page 14, (which is the subject of Copyright Certificate # VA 1-997-320).  It exudes the same "look and feel" as Plaintiff's "Navy Jolly Roger."



**42.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design

"Minesweeper" as seen in Exhibit A, page 17, (which is the subject of Copyright Certificate #

VA 1-997-040).  It exudes the same "look and feel" as Plaintiff's "Minesweeper."



**43.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It

is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design

"Shellback Skull King" as seen in Exhibit A, page 18, (which is the subject of Copyright

Certificate # VA 2-038-539).  It exudes the same "look and feel" as Plaintiff's "Shellback Skull

King."



**44.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It

is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design

"Nerves of Steel" as seen in Exhibit A, page 19, (which is the subject of Copyright Certificate # VA 1-997-020).  It exudes the same "look and feel" as Plaintiff's "Nerves of Steel."



**45.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Chief Anchored" as seen in Exhibit A, page 20, (which is the subject of Copyright Certificate # VA 1-969-112).  It exudes the same "look and feel" as Plaintiff's "Navy Chief Anchored."



**46.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "US Veteran It Cannot be Inherited" as seen in Exhibit A, page 22, (which is the subject of Copyright

Certificate # VA PA 2-012-449).  It exudes the same "look and feel" as Plaintiff's US Veteran It Cannot be Inherited."



**47.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Oath to the Constitution" as seen in Exhibit A, page 23, (which is the subject of Copyright Certificate # VA 2-041-272).  It exudes the same "look and feel" as Plaintiff's "Oath to the Constitution."



**48.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy

Squid" as seen in Exhibit A, page 24, (which is the subject of Copyright Certificate # VA 2-002-

933).  It exudes the same "look and feel" as Plaintiff's "Navy Squid."



**49.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It

is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design

"Seabees" as seen in Exhibit A, page 27, (which is the subject of Copyright Certificate # VA 1-

996-982).  It exudes the same "look and feel" as Plaintiff's "Seabees."



**50.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It

is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design

"Vietnam Veteran Dragon" as seen in Exhibit A, page 28, (which is the subject of Copyright

Certificate # VA 1-969-116).  It exudes the same "look and feel" as Plaintiff's "Vietnam Veteran Dragon."



**51.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Damn the Torpedoes Full Steam Ahead" as seen in Exhibit A, page 29, (which is the subject of Copyright Certificate # VA 2-038-465).  It exudes the same "look and feel" as Plaintiff's "Damn the Torpedoes Full Steam Ahead."



**52.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "K-9 Veteran" as seen in Exhibit A, page 30, (which is the subject of Copyright Certificate # VA 2-038-465).  It exudes the same "look and feel" as Plaintiff's "K-9 Veteran."



**53.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Air Force Security Police" as seen in Exhibit A, page 31, (which is the subject of Copyright Certificate # VA 1-997-032).  It exudes the same "look and feel" as Plaintiff's "Air Force Security Police."



**54.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design Deck Ape" as seen in Exhibit A, page 32, (which is the subject of Copyright Certificate # VA 1-998-197).  It exudes the same "look and feel" as Plaintiff's "Deck Ape."



**55.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Give Me Liberty or Give Me Death" as seen in Exhibit A, page 33, (which is the subject of Copyright Certificate # VA 2-038-477).  It exudes the same "look and feel" as Plaintiff's "Give Me Liberty or Give Me Death."



**56.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Desert Storm Veteran" as seen in Exhibit A, page 34, (which is the subject of Copyright Certificate # VA 2-038-472).  It exudes the same "look and feel" as Plaintiff's "Desert Storm Veteran."



**57.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design

"Mortarman" as seen in Exhibit A, page 35, (which is the subject of Copyright Certificate # VA 1-997-041).  It exudes the same "look and feel" as Plaintiff's "Mortarman."



**58.**

The picture of the shirt as shown below is a screenshot taken from Amazon's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Shellback Court of Neptune" as seen in Exhibit A, page 36, (which is the subject of Copyright Certificate # VA 1-997-043).  It exudes the same "look and feel" as Plaintiff's "Navy Shellback Court of Neptune."



**59.**

Defendant Amazon, in violation of Plaintiff's copyright in both design and in color combinations, unlawfully and willfully copied all or part of the following 31 designs, without the permission or consent of Plaintiff, and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's following designs via the internet:

- Shogun Pacific Chiefs

- Navy Rate

- Navy Submarine Force Grim Reaper

- Cold War Veteran Coin

- US Navy Snipe

- Corpsman Est 1898

- Iyaoyas Reaper

- Goatlocker Tavern Chief

- Combat Medic Pin-Up Girl

- Navy Jolly Rodger Iyaoyas

- Navy Crow FCPOA

- Navy Chief – Tried, Tempered, Trued

- Jolly Roger – Sea is Ours

- Navy Jolly Roger

- Minesweeper

- Shellback Skull King

- Nerves of Steel

- Navy Chief Anchored

- US Veteran It Cannot Be Inherited

- Oath to the Constitution

- Navy Squid

- Seabees

- Vietnam Veteran Dragon

- Damn the Torpedoes Full Steam Ahead

- K-9 Veteran

- Air Force Security Police K-9

- Deck Ape

- Give Me Liberty or Give Me Death

- Desert Storm Veteran

- Mortarman

- Navy Shellback Court of Neptune Rex

**60.**

Plaintiff has lost substantial revenue from Defendant Amazon's unlawful and willful copying of Plaintiff's copyrighted works.

**61.**

Defendant Amazon's copying of Plaintiff's above-mentioned 31 works of art and the use of these on Defendant's shirts destroys the public's identification of the apparel of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

//

//

**62.**

Plaintiff's sale of its own works and derivative works on its apparel is prejudiced by Defendant's copyright infringements.

### COUNT THIRTY-TWO
### CONVERSION – OREGON COMMON LAW
### DEFENDANT AMAZON

Plaintiff repeats and realleges paragraphs 1 - 27 as though fully set forth herein.

**63.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraphs 28-58 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**64.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**65.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

### COUNTS THIRTY-THREE TO FIFTY
### COPYRIGHT INFRINGEMENT
### DEFENDANT TEESPRING

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

**66.**

Defendant Teespring is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders for products, primarily via the internet for apparel bearing designs that are owned by Plaintiff. On its website, Teespring offers for sale and, upon

information and belief, has made sales of sweatshirts and T-shirts bearing federally registered

works of visual art that are owned by Plaintiff across the entire United States, without consent,

permission or authorization.

### 67.

These designs are often sent to Defendant Teespring by a third party "user" and the

Defendant and user both profit from the sale of apparel bearing designs.

### 68.

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It

is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Sniper

– One Shot One Kill" as seen in Exhibit A, page 16, (which is the subject of Copyright

Certificate # VA 2-030-563).  It exudes the same "look and feel" as Plaintiff's "Sniper – One

Shot One Kill."



### 69.

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It

is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Jolly

Roger – Sea is Ours" as seen in Exhibit A, page 13, (which is the subject of Copyright Certificate # VA 1-969-118). It exudes the same "look and feel" as Plaintiff's "Jolly Roger – Sea is Ours."



**70.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "US Veteran – It Cannot be Inherited" as seen in Exhibit A, page 22, (which is the subject of Copyright Certificate # PA 2-012-449).  It exudes the same "look and feel" as Plaintiff's "US Veteran – It Cannot be Inherited."



**71**.

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Jolly Roger" as seen in Exhibit A, page 14, (which is the subject of Copyright Certificate # VA 1-997-320).  It exudes the same "look and feel" as Plaintiff's "Navy Jolly Roger."



**72**.

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Snipes" as seen in Exhibit A, page 5, (which is the subject of a Copyright Certificate # VA 1-997-312).  It exudes the same "look and feel" as Plaintiff's "Navy Snipes."



**73.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Rate" as seen in Exhibit A, page 2, (which is the subject of Copyright Certificate # VA 2-070-906). It exudes the same "look and feel" as Plaintiff's "Navy Rate."



**74.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Submarine Force Grim Reaper" as seen in Exhibit A, page 3, (which is the subject of Copyright Certificate # VA 2-070-983). It exudes the same "look and feel" as Plaintiff's "Navy Submarine Force Grim Reaper."



**75.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Cold War Veteran Coin" as seen in Exhibit A, page 4, (which is the subject of Copyright Certificate # VA 2-038-467). It exudes the same "look and feel" as Plaintiff's "Cold War Veteran Coin."



**76.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "US Navy Snipe" as seen in Table 2, (which is the subject of Copyright application).  It exudes the same "look and feel" as Plaintiff's "US Navy Snipe A Gang."



**77.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design

"Corpsman Est 1898" as seen in Exhibit A, page 6, (which is the subject of Copyright Certificate # VA 1-997-049). It exudes the same "look and feel" as Plaintiff's "Corpsman Est 1898."



**78.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Iyaoyas Reaper" as seen in Exhibit A, page 7, (which is the subject of Copyright Certificate # VA 1-997-039). It exudes the same "look and feel" as Plaintiff's "Iyaoyas Reaper."



**79.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Goatlocker Tavern Chief" as seen in Exhibit A, page 8, (which is the subject of Copyright Certificate # VA 2-038-460).  It exudes the same "look and feel" as Plaintiff's "Goatlocker Tavern Chief."



**80.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Combat Medic Pin-Up Girl" as seen in Exhibit A, page 9, (which is the subject of Copyright Certificate # VA 1-997-014).  It exudes the same "look and feel" as Plaintiff's "Combat Medic Pin-up Girl."



**81.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Jolly Roger Iyaoyas" as seen in Exhibit A, page 10, (which is the subject of Copyright Certificate # VA 2-070-502). It exudes the same "look and feel" as Plaintiff's "Navy Jolly Roger Iyaoyas."



**82.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Nerves of Steel" as seen in Exhibit A, page 19, (which is the subject of Copyright Certificate # VA 1-997-020). It exudes the same "look and feel" as Plaintiff's "Nerves of Steel."



**83.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Shellback Skull King" as seen in Exhibit A, page 18, (which is the subject of Copyright Certificate # VA 2-038-539). It exudes the same "look and feel" as Plaintiff's "Shellback Skull King."



**84.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Chief Tried Tempered and Trued" as seen in Exhibit A, page 12, (which is the subject of

Copyright Certificate # VA 2-062-460). It exudes the same "look and feel" as Plaintiff's "Navy Chief Tried Tempered and Trued."



**85.**

The picture of the shirt as shown below is a screenshot taken from Teespring's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Minesweeper" as seen in Exhibit A, page 17, (which is the subject of Copyright Certificate # VA 1-997-040).  It exudes the same "look and feel" as Plaintiff's "Minesweeper."



**86.**

Defendant Teespring, in violation of Plaintiff's copyright in both design and in color combinations, unlawfully and willfully copied all or part of the following 18 designs, without the permission or consent of Plaintiff, and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's following designs via the internet:

**Page 42 – COMPLAINT**

- "Sniper – One Shot One Kill"

- "Jolly Roger – Sea is Ours"

- "Navy Jolly Rodger"

- "US Veteran – It Cannot be Inherited"

- "Navy Snipes"

-  "Navy Rate"

- "Navy Submarine Force Grim Reaper"

- "Cold War Veteran Coin"

- "US Navy Snipe"

- "Corpsman Est 1898"

- "Iyaoyas Reaper"

- "Goatlocker Tavern Chief"

- "Combat Medic Pin-Up Girl" and

- "Navy Jolly Roger Iyaoyas."

- "Nerves of Steel"

- "Shellback Skull King"

- "Navy Chief Tried Tempered and Trued"

- "Minesweeper"

**87.**

Plaintiff has lost substantial revenue from Defendant Teespring's unlawful and willful copying of Plaintiff's copyrighted works.

//

//

**88.**

Defendant Teespring's copying of Plaintiff's above-mentioned 18 works of art and the use of these on Defendant Teespring's shirts destroys the public's identification of the apparel of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**89.**

Plaintiff's sale of its own works and derivative works on its apparel and coins is prejudiced by Defendant's copyright infringements.

## COUNT FIFTY-ONE
## CONVERSION – OREGON COMMON LAW
## DEFENDANT TEESPRING

Plaintiff repeats and realleges paragraphs 1 – 26, 66 and 67 as though fully set forth herein.

**90.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraphs 68-85 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**91.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**92.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

//

**Page 44 – COMPLAINT**

## COUNTS FIFTY-TWO TO FIFTY-FIVE
## COPYRIGHT INFRINGEMENT
## DEFENDANT KIDDER

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

### 93.

Defendant Kidder is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders for specialty "challenge" coins, primarily via the internet. On its website, Defendant Kidder has offered for sale and, upon information and belief, has made, sales of specialty "challenge" coins bearing federally registered works of visual art that are owned by Plaintiff, across the entire United States without consent permission or authorization.

### 94.

The picture of the specialty "challenge" coin as shown below is a screenshot taken from Kidder's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Chief Anchored" as seen in Exhibit A, page 21 (which is the subject of a copyright registration VA 1-969-112). It exudes the same "look and feel" as Plaintiff's "Navy Chief Anchored."



3C Kidder Corp

**95.**

The picture of the specialty "challenge" coin as shown below is a screenshot taken from Facebook designated as coming from Kidder. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Minesweeper" as seen in Exhibit A, page 17, (which is the subject of a copyright registration VA 1-997-040). It exudes the same "look and feel" as Plaintiff's "Navy Minesweeper."



**96.**

The picture of the specialty "challenge" coin/pin as shown below is a screenshot taken from Kidder's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Jolly Roger" as seen in Exhibit A, page 14, (which is the subject of a copyright registration VA 1-997-320). It exudes the same "look and feel" as Plaintiff's "Navy Jolly Roger."



7B  Kidder Corp

**97.**

The picture of the specialty "challenge" coin/pin as shown below is a photograph taken of an actual coin produced and labeled by Kidder. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Corpsman" as seen in Exhibit A, page 15, (which is the subject of a copyright registration VA 1-969-113). It exudes the same "look and feel" as Plaintiff's "Navy Corpsman."



11B  Kidder Corp

**98.**

Defendant Kidder, in violation of Plaintiff's copyrighted works of art, unlawfully and willfully copied all or part of the following four designs, without the permission or consent of Plaintiff, and have used, displayed and offered for sale to the public, articles bearing the Plaintiff's following designs via the internet:

- "Navy Chief Anchored"

- "Navy Minesweeper"

- "Navy Jolly Roger"

- "Navy Corpsman."

### 99.

Plaintiff has lost substantial revenue from Defendant Kidder's unlawful and willful copying of Plaintiff's copyrighted works.

### 100.

Defendant Kidder's copying of Plaintiff's above-mentioned four designs and the use of these designs on Defendant's specialty "challenge" coins destroys the public's identification of the apparel and specialty "challenge" coins of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

### 101.

Plaintiff's sale of its own works and derivative works on its coins is prejudiced by Defendant's copyright infringements.

### COUNT FIFTY-SIX
### CONVERSION – OREGON COMMON LAW
### DEFENDANT KIDDER

Plaintiff repeats and realleges paragraphs 1 – 26 and 93 as though fully set forth herein.

### 102.

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraphs 94-97 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

//

//

## 103.

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property

interest.

## 104.

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's

conversion of Plaintiff's property interest in those works of art.

**COUNTS FIFTY-SEVEN TO SIXTY-NINE**
**COPYRIGHT INFRINGEMENT**
**DEFENDANT SUNFROG**

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

## 105.

Defendant Sunfrog is engaged in the business of selling, advertising, marketing,

producing, printing and shipping orders for products, primarily via the internet, for apparel. On

its website, Sunfrog has offered for sale and, upon information and belief, has made, sales of

sweatshirts and tee shirts bearing federally registered works of visual art that are owned by

Plaintiff, across the entire United States without consent permission or authorization.

## 106.

The picture of the shirts as shown below are screenshots taken from Sunfrog's website.

They are not only substantially similar, but are strikingly similar to Plaintiff's copyrighted design

"Sniper – One Shot One Kill" as seen in Exhibit A, page 16, (which is the subject of Copyright

Certificate # VA 2-030-563).  They exude the same "look and feel" as Plaintiff's "Sniper – One

Shot One Kill."



1D Sunfrog and 1F Michael

1D Sunfrog and 1E ShadowMagic

**107.**

The pictures of the shirt and mug as shown below are screenshots taken from Sunfrog's website. They are not only substantially similar, but are strikingly similar to Plaintiff's copyrighted design "US Veteran – It Cannot be Inherited" as seen in Exhibit A, page 22, (which is the subject of Copyright Certificate # PA 2-012-449).  They exude the same "look and feel" as Plaintiff's "US Veteran – It Cannot be Inherited."





6F  Sun Frog and 6F  Back to Basics

**108.**

The picture of the shirt as shown below is a screenshot taken from Sunfrogs's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Snipes A Gang" as seen in Table 2, (which is the subject of a pending copyright registration).  It exudes the same "look and feel" as Plaintiff's "Navy Snipes A Gang."



Sun Frog

**109.**

The picture of the shirt as shown below is a screenshot taken from Sunfrog's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy

Jolly Roger" as seen in Exhibit A, page 14, (which is the subject of Copyright Certificate # VA 1-997-320).  It exudes the same "look and feel" as Plaintiff's "Navy Jolly Roger."



**110.**

The picture of the mug as shown below is a screenshot taken from Sunfrog's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Corpsman Est 1898" as seen in Exhibit A, page 6, (which is the subject of Copyright Certificate # VA 1-997-049).  It exudes the same "look and feel" as Plaintiff's "Corpsman Est 1898."



**111.**

The picture of the mug as shown below is a screenshot taken from Sunfrog's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Jolly Roger Iyaoyas" as seen in Exhibit A, page 10, (which is the subject of Copyright Certificate # VA 2-070-906). It exudes the same "look and feel" as Plaintiff's "Navy Jolly Roger Iyaoyas."



**112.**

The picture of the shirt as shown below is a screenshot taken from Sunfrog's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Snipe" as seen in Exhibit A, page 5, (which is the subject of Copyright Certificate #VA 1-997-312). It exudes the same "look and feel" as Plaintiff's "Navy Snipe."



**113.**

The picture of the shirt as shown below is a screenshot taken from Sunfrog's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy

**Page 53 – COMPLAINT**

Submarine Force Grim Reaper" as seen in Exhibit A, page 3, (which is the subject of Copyright Certificate # VA 2-070-983). It exudes the same "look and feel" as Plaintiff's "Navy Submarine Force Grim Reaper." However, note that the website screen shot is a mirror image of the infringed artwork.



**114.**

The picture of the shirt as shown below is a screenshot taken from Sunfrog's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Rate" as seen in Exhibit A, page 2, (which is the subject of Copyright Certificate # VA 2-070-906).  It exudes the same "look and feel" as Plaintiff's "Navy Rate."



//

**115.**

The picture of the shirt as shown below is a screenshot taken from Sunfrog's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Chief- Tried Tempered and Trued" as seen in Exhibit A, page 12, (which is the subject of Copyright Certificate # VA 2-062-460).  It exudes the same "look and feel" as Plaintiff's "Navy Chief – Tried Tempered and Trued."



**116.**

The picture of the shirt as shown below is a screenshot taken from Sunfrog's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Seabees" as seen in Exhibit A, page 28, (which is the subject of Copyright Certificate # VA 1-996-982). It exudes the same "look and feel" as Plaintiff's "Seabees."



//

**Page 55 – COMPLAINT**

**117.**

The picture of the shirt as shown below is a screenshot taken from Sunfrog's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Vietnam Veteran Dragon" as seen in Exhibit A, page 27, (which is the subject of Copyright Certificate # VA 1-969-116). It exudes the same "look and feel" as Plaintiff's "Vietnam Veteran Dragon."



**118.**

Defendant Sunfrog, in violation of Plaintiff's copyrighted works of art, unlawfully and willfully copied all or part of the following 13 designs, without the permission or consent of Plaintiff, and have used, displayed and offered for sale to the public, articles bearing the Plaintiff's following designs via the internet:

- "Sniper - One Shot One Kill"

- "US Veteran – It Cannot be Inherited"

- "Navy Snipes A Gang"

- "Navy Jolly Roger"

- "Corpsman Est 1898"

- "Navy Jolly Roger Iyaoyas"

- "Navy Snipes"

- "Navy Submarine Force Grim Reaper"

- "Jolly Roger – Sea is Ours"

- "Navy Rate"

- "Navy Chief- Tried Tempered and Trued"

- "Seabees"

- "Vietnam Veteran Dragon."

**119.**

Plaintiff has lost substantial revenue from Defendant Sunfrog's unlawful and willful copying of Plaintiff's copyrighted works.

**120.**

Defendant Sunfrog's copying of Plaintiff's above-mentioned six designs and the use of these designs on Defendant's shirts and mugs destroys the public's identification of the apparel and mugs of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**121.**

Plaintiff's sale of its own works and derivative works on its apparel and coins is prejudiced by Defendant's copyright infringements.

**COUNT SEVENTY**
**CONVERSION – OREGON COMMON LAW**
**DEFENDANT SUNFROG**

Plaintiff repeats and realleges paragraphs 1 – 26 and 105 as though fully set forth herein.

//

//

**122.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraphs 106-117 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**123.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**124.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

**COUNTS SEVENTY-ONE TO SEVENTY-THREE**
**COPYRIGHT INFRINGEMENT**
**DEFENDANT DOD**

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

**125.**

Defendant DOD is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders for products, primarily via the internet, for specialty "challenge" coins. On its website, DOD has offered for sale and, upon information and belief, has made, sales of specialty "challenge" coins bearing federally registered works of visual art that are owned by Plaintiff, across the entire United States without consent permission or authorization.

**126.**

The picture of the specialty "challenge" coin as shown below are screenshots taken from DOD's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Shellback – Ancient Order of the Deep" as seen in Exhibit A, page 18,

(which is the subject of Copyright Certificate # VA 2-038-539).  It exudes the same "look and

feel" as Plaintiff's "Shellback – Ancient Order of the Deep."



2B US DOD Coins

**127.**

The picture of the specialty "challenge" coin as shown below is a screenshot taken from

DOD's website. It is not only substantially similar, but is strikingly similar to Plaintiff's

copyrighted design "Navy Chief Anchored" as seen in Exhibit A, page 20, (which is the subject

of a copyright registration VA 1-969-112). It exudes the same "look and feel" as Plaintiff's

"Navy Chief Anchored."



3B US DOD Coins

**128.**

The picture of the specialty "challenge" coin as shown below is a screenshot taken from DOD's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Snipes" as seen in Table 2, (which is the subject of a pending copyright registration). It exudes the same "look and feel" as Plaintiff's "Navy Snipes A Gang."



US DOD

**129.**

Defendant DOD, in violation of Plaintiff's copyrighted works of art, unlawfully and willfully copied all or part of the following three designs, without the permission or consent of Plaintiff, and have used, displayed and offered for sale to the public, articles bearing the Plaintiff's following designs via the internet:

- "Shellback – Ancient Order of the Deep"

- "Navy Chief Anchored"

- "Navy Snipes."

**130.**

Plaintiff has lost substantial revenue from Defendant DOD's unlawful and willful copying of Plaintiff's copyrighted works.

**131.**

Defendant DOD's copying of Plaintiff's above-mentioned three designs and the use of these designs on Defendant's shirts and specialty "challenge" coins destroys the public's identification of the apparel and specialty "challenge" coins of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**132.**

Plaintiff's sale of its own works and derivative works on its apparel and coins is prejudiced by Defendant's copyright infringements.

**COUNT SEVENTY-FOUR**
**CONVERSION – OREGON COMMON LAW**
**DEFENDANT DOD**

Plaintiff repeats and realleges paragraphs 1 – 26 and 125 as though fully set forth herein.

//

**133.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraphs 126-128 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**134.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**135.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

**COUNTS SEVENTY-FIVE & SEVENTY-SIX**
**COPYRIGHT INFRINGEMENT**
**DEFENDANT EMPIRE**

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

**136.**

Defendant Empire is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders of specialty "challenge" coins, primarily via the internet. On its website, Empire offers for sale and, upon information and belief, has made, sales of specialty "challenge" coins bearing federally registered works of visual art that are owned by Plaintiff, across the across the entire United States without consent, permission or authorizations.

**137.**

The picture of the specialty "challenge" coin as shown below is a screenshot taken from a Google Plus webpage promoting Empire's coins. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Chief Anchored" as seen in Exhibit A,

page 20, (which is the subject of Copyright Registration VA-1-969-112). It exudes the same

"look and feel" as Plaintiff's "Navy Chief Anchored."



**138.**

The picture of the specialty "challenge" coin as shown below is a screenshot taken from

Empire's website. It is not only substantially similar, but is strikingly similar to Plaintiff's

copyrighted design "Donald Trump Commander in Chief" as seen in Exhibit A, page 25, (which

is the subject of Copyright Registration VA-2-038-463). It exudes the same "look and feel" as

Plaintiff's "Donald Trump Commander in Chief."



**139.**

Defendant Empire unlawfully and willfully copied all or part of the designs entitled "Navy Chief Anchored" and "Donald Trump Commander in Chief" in violation of Plaintiff's copyrighted works of art, without the permission or consent of Plaintiff, and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's designs via the internet.

**140.**

Plaintiff has lost substantial revenue from Defendant Empire's unlawful and willful copying of Plaintiff's copyrighted works.

**141.**

Defendant Empire's copying of Plaintiff's above-mentioned designs and the use of these designs on Defendant's specialty "challenge" coins destroys the public's identification of the apparel and specialty "challenge" coins of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**142.**

Plaintiff's sale of its own works and derivative works on its apparel and coins is prejudiced by Defendant's copyright infringements.

**COUNT SEVENTY-SEVEN**
**CONVERSION – OREGON COMMON LAW**
**DEFENDANT EMPIRE**

Plaintiff repeats and realleges paragraphs 1 – 26 and 136 as though fully set forth herein.

**143.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraphs 137 and 138 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**144.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property

interest.

**145.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's

conversion of Plaintiff's property interest in those works of art.

**COUNTS SEVENTY-EIGHT & SEVENTY-NINE
COPYRIGHT INFRINGEMENT
DEFENDANT VIRALSTYLE**

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

**146.**

Defendant Viralstyle is engaged in the business of selling, advertising, marketing,

producing, printing and shipping orders of apparel, primarily via the internet. On its website,

Viralstyle offers for sale and, upon information and belief, has made, sales of shirts bearing

federally registered works of visual art that are owned by Plaintiff, across the across the entire

United States without consent, permission or authorizations.

**147**.

The picture of the shirt as shown below is a screenshot taken from Viralstyle's website. It

is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "ISIS

Hunting Club" as seen in Exhibit A, page 21, (which is the subject of Copyright Certificate # VA

1-997-020).  It exudes the same "look and feel" as Plaintiff's "ISIS Hunting Club."



**148.**

The picture of the shirt as shown below is a screenshots taken from Viralstyle's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Jolly Roger – Sea is Ours" as seen in Exhibit A, page 13, (which is the subject of Copyright Certificate # VA 1-969-118). It exudes the same "look and feel" as Plaintiff's "Jolly Roger – Sea is Ours."



**149.**

Defendant Viralstyle, in violation of Plaintiff's copyright in design, unlawfully and willfully copied all or part of the design entitled "ISIS Hunting Club" and "Jolly Roger - Sea is Our" in violation of Plaintiff's copyrighted works of art, without the permission or consent of Plaintiff, and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's designs via the internet.

**150.**

Plaintiff has lost substantial revenue from Defendant Viralstyle's unlawful and willful copying of Plaintiff's copyrighted works.

**151.**

Defendant Viralstyle's copying of Plaintiff's above-mentioned two designs and the use of these designs on Defendant's apparel destroys the public's identification of the apparel of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**152.**

Plaintiff's sale of its own works and derivative works on its apparel is prejudiced by Defendant's copyright infringements.

**COUNT EIGHTY**
**CONVERSION – OREGON COMMON LAW**
**DEFENDANT VIRALSTYLE**

Plaintiff repeats and realleges paragraphs 1 – 26 and 146 as though fully set forth herein.

**153.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraphs

147 and 148 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**154.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**155.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

**COUNT EIGHTY-ONE**
**COPYRIGHT INFRINGEMENT**
**DEFENDANT SPREADSHIRT**

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

**156.**

Defendant Spreadshirt is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders of apparel, primarily via the internet. On its website, Spreadshirt offers for sale and, upon information and belief, has made, sales of shirts bearing federally registered works of visual art that are owned by Plaintiff, across the across the entire United States without consent, permission or authorizations.

**157.**

The picture of the shirt as shown below is a screenshot taken from Spreadshirts's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "US Veteran – It Cannot be Inherited" as seen in Exhibit A, page 22, (which is the subject of Copyright Certificate # PA 2-012-449). It exudes the same "look and feel" as Plaintiff's "US Veteran – It Cannot be Inherited."



**158.**

Defendant Spreadshirt, in violation of Plaintiff's copyright in design, unlawfully and

willfully copied all or part of the design entitled "US Veteran – It Cannot be Inherited" in

violation of Plaintiff's copyrighted work of art, without the permission or consent of Plaintiff,

and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's designs

via the internet.

**159.**

Plaintiff has lost substantial revenue from Defendant Spreadshirt's unlawful and willful

copying of Plaintiff's copyrighted work.

**160.**

Defendant Spreadshirt's copying of Plaintiff's above-mentioned design and the use of

this design on Defendant's apparel destroys the public's identification of the apparel of Plaintiff

as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer

irreparable damages and lost profits.

**161.**

Plaintiff's sale of its own works and derivative works on its apparel is prejudiced by

Defendant's copyright infringements.

**COUNT EIGHTY-TWO**
**CONVERSION – OREGON COMMON LAW**
**DEFENDANT SPREADSHIRT**

Plaintiff repeats and realleges paragraphs 1 – 26 and 156 as though fully set forth herein.

**162.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraph 157 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**163.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**164.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

**COUNT EIGHTY-THREE**
**COPYRIGHT INFRINGEMENT**
**DEFENDANT TEEZILLY**

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

**165.**

Defendant Teezilly is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders of apparel, primarily via the internet. On its website, Teezilly offers for sale and, upon information and belief, has made, sales of shirts bearing federally registered works of visual art that are owned by Plaintiff, across the across the entire United States without consent, permission or authorizations.

//

**Page 70 – COMPLAINT**

**166.**

The picture of the shirt as shown below is a screenshot taken from Teezilly's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "US Veteran – It Cannot be Inherited" as seen in Exhibit A, page 22, (which is the subject of Copyright Certificate # PA 2-012-449). It exudes the same "look and feel" as Plaintiff's "US Veteran – It Cannot be Inherited."



**167.**

Defendant Teezilly, in violation of Plaintiff's copyright in design, unlawfully and willfully copied all or part of the design entitled "US Veteran – It Cannot be Inherited" in violation of Plaintiff's copyrighted work of art, without the permission or consent of Plaintiff, and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's designs via the internet.

**168.**

Plaintiff has lost substantial revenue from Defendant Teezilly's unlawful and willful copying of Plaintiff's copyrighted works.

//

//

**169.**

Defendant Teezilly's copying of Plaintiff's above-mentioned design and the use of this design on Defendant's apparel destroys the public's identification of the apparel of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**170.**

Plaintiff's sale of its own works and derivative works on its apparel and coins is prejudiced by Defendant's copyright infringements.

**COUNT EIGHTY-FOUR**
**CONVERSION – OREGON COMMON LAW**
**DEFENDANT TEEZILLY**

Plaintiff repeats and realleges paragraphs 1 – 26 and 165 as though fully set forth herein.

**171.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraph 166 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**172.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**173.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

//

//

**Page 72 – COMPLAINT**

**COUNT EIGHTY-FIVE**
**COPYRIGHT INFRINGEMENT**
**DEFENDANT VETERAN**

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

**174.**

Defendant Veteran is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders of apparel, primarily via the internet. On its website, Veteran offers for sale and, upon information and belief, has made, sales of shirts bearing federally registered works of visual art that are owned by Plaintiff, across the across the entire United States without consent, permission or authorizations.

**175.**

The picture of the shirt as shown below is a screenshot taken from Veteran's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Oath to the Constitution" as seen in Exhibit A, page 23, (which is the subject of Copyright Certificate # VA 2-041-272). It exudes the same "look and feel" as Plaintiff's "Oath to the Constitution."



**176.**

Defendant Veteran, in violation of Plaintiff's copyright in design, unlawfully and willfully copied all or part of the design entitled "Oath to the Constitution" in violation of Plaintiff's copyrighted work of art, without the permission or consent of Plaintiff, and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's designs via the internet.

**177.**

Plaintiff has lost substantial revenue from Defendant Veteran's unlawful and willful copying of Plaintiff's copyrighted works.

//

//

**178.**

Defendant Veterans's copying of Plaintiff's above-mentioned design and the use of this design on Defendant's apparel destroys the public's identification of the apparel of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**179.**

Plaintiff's sale of its own works and derivative works on its apparel and coins is prejudiced by Defendant's copyright infringements.

**COUNT EIGHTY-SIX**
**CONVERSION – OREGON COMMON LAW**
**DEFENDANT VETERAN**

Plaintiff repeats and realleges paragraphs 1 – 26 and 174 as though fully set forth herein.

**180.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraph 175 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**181.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**182.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

//

//

### COUNT EIGHTY-SEVEN
### COPYRIGHT INFRINGEMENT
### DEFENDANT ISMAEL RAMOS

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

### 183.

Defendant Ramos is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders of specialty "challenge" coins, primarily via the internet. On its website, Ramos offers for sale and, upon information and belief, has made, sales of "challenge" coins bearing federally registered works of visual art that are owned by Plaintiff, across the across the entire United States without consent, permission or authorizations.

### 184.

The picture of the "challenge" coin as shown below is a screenshot taken from Ramos's Facebook page. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Chief Anchored" as seen in Exhibit A, page 20, (which is the subject of Copyright Certificate # VA 1-969-112). It exudes the same "look and feel" as Plaintiff's "Navy Chief Anchored."



**185.**

Defendant Ramos, in violation of Plaintiff's copyright in design, unlawfully and willfully copied all or part of the design entitled "Navy Chief Anchored" in violation of Plaintiff's copyrighted work of art, without the permission or consent of Plaintiff, and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's designs via the internet.

**186.**

Plaintiff has lost substantial revenue from Defendant Ramos' unlawful and willful copying of Plaintiff's copyrighted works.

//

//

**187.**

Defendant Ramos' copying of Plaintiff's above-mentioned design and the use of this design on Defendant's apparel destroys the public's identification of the apparel and specialty "challenge" coins of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**188.**

Plaintiff's sale of its own works and derivative works on its apparel and coins is prejudiced by Defendant's copyright infringements.

**COUNT EIGHTY-EIGHT**
**CONVERSION – OREGON COMMON LAW**
**DEFENDANT ISMAEL RAMOS**

Plaintiff repeats and realleges paragraphs 1 – 26 and 183 as though fully set forth herein.

**189.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraph 184 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**190.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**191.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

//

//

## COUNT EIGHTY-NINE & NINETY
## COPYRIGHT INFRINGEMENT
## DEFENDANT MILCOIN

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

### 192.

Defendant Milcoin is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders of specialty "challenge" coins, primarily via the internet. On its website, Milcoin offers for sale and, upon information and belief, has made, sales of "challenge" coins bearing federally registered works of visual art that are owned by Plaintiff, across the across the entire United States without consent, permission or authorizations.

### 193.

The picture of the coin as shown below is a screenshot taken from the Milcoins.com website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Chief – Tried Tempered and Trued" as seen in Exhibit A, page 12, (which is the subject of Copyright Certificate # VA-2-062-460).  It exudes the same "look and feel" as Plaintiff's "Navy Chief – Tried Tempered and Trued."



**194.**

The picture of the coins as shown below are screenshots taken from Milcoin's Google Plus website and his Pinterest website illustrating his goods for sale. They are not only substantially similar, but are strikingly similar to Plaintiff's copyrighted design "Navy Chief Anchored" as seen in Exhibit A, page 20 (which is the subject of Copyright Certificate # VA 1-969-112). They exude the same "look and feel" as Plaintiff's "Navy Chief – Anchored."





**195.**

Defendant Milcoin, in violation of Plaintiff's copyright in design, unlawfully and willfully copied all or part of the designs entitled "Navy Chief – Tried Tempered and Trued" and "Navy Chief – Anchored" in violation of Plaintiff's copyrighted works of art, without the permission or consent of Plaintiff, and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's designs via the internet.

//

**196.**

Plaintiff has lost substantial revenue from Defendant Milcoin's unlawful and willful copying of Plaintiff's copyrighted works.

**197.**

Defendant Milcoin's copying of Plaintiff's above-mentioned two designs and the use of these designs on Defendant's apparel destroys the public's identification of the apparel and specialty "challenge" coins of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**198.**

Plaintiff's sale of its own works and derivative works on its apparel and coins is prejudiced by Defendant's copyright infringements.

### COUNT NINETY-ONE
### CONVERSION – OREGON COMMON LAW
### DEFENDANT MILCOIN

Plaintiff repeats and realleges paragraphs 1 – 26 and 192 as though fully set forth herein.

**199.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraphs 193 and 194 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**200.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

//

//

**201.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

**COUNTS NINETY-TWO TO NINETY-FOUR
COPYRIGHT INFRINGEMENT
DEFENDANT COASTAL ADVERTISING SPECIALITIES INC.**

Plaintiff repeats and realleges paragraphs 1 - 26 as though fully set forth herein.

**202.**

Defendant Coastal is engaged in the business of selling, advertising, marketing, producing, printing and shipping orders of specialty "challenge" coins, primarily via the internet. On its website, Coastal offers for sale and, upon information and belief, has made, sales of "challenge" coins bearing federally registered works of visual art that are owned by Plaintiff, across the across the entire United States without consent, permission or authorizations.

**203.**

The picture of the coin as shown below is a screenshot taken from Coastal's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Jolly Roger -The Sea is Ours" as seen in Exhibit A, page 13, (which is the subject of Copyright Certificate # VA-1-169-118).  It exudes the same "look and feel" as Plaintiff's "Jolly Roger - The Sea is Ours."



5C  Coastal Advertising Inc

**204.**

The picture of the coin as shown below is a screenshot taken from Coastal's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Crow FCPOA" as seen in Exhibit A, page 11, (which is the subject of Copyright Certificate # VA 1-969-114).  It exudes the same "look and feel" as Plaintiff's "Navy Crow FCPOA."



**205.**

The picture of the coin as shown below is a screenshot taken from Coastal's website. It is not only substantially similar, but is strikingly similar to Plaintiff's copyrighted design "Navy Chief Anchored", as seen in Exhibit A, page 20 (which is the subject of Copyright Certificate # VA-1-969-112).  It exudes the same "look and feel" as Plaintiff's "Navy Chief Anchored."



**206.**

Defendant Coastal, in violation of Plaintiff's copyright in design, unlawfully and willfully copied all or part of the abovementioned three designs entitled "Navy Crow FCPOA", "Jolly Roger - The Sea is Ours" and "Navy Chief – Anchored" in violation of Plaintiff's copyrighted works of art, without the permission or consent of Plaintiff, and has used, displayed and offered for sale to the public, articles bearing the Plaintiff's designs via the internet.

**207.**

Plaintiff has lost substantial revenue from Defendant Coastal's unlawful and willful copying of Plaintiff's copyrighted works.

**208.**

Defendant Coastal's copying of Plaintiff's above-mentioned designs and the use of these designs on Defendant's apparel destroys the public's identification of the apparel and specialty "challenge" coins of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

**209.**

Plaintiff's sale of its own works and derivative works on its apparel and coins is prejudiced by Defendant's copyright infringements.

**210.**

Plaintiff has lost substantial revenue from Defendant Coastal's unlawful and willful copying of Plaintiff's copyrighted works.

**COUNT NINETY-FIVE**
**CONVERSION – OREGON COMMON LAW**
**DEFENDANT COASTAL ADVERTISING SPECIALITIES INC.**

Plaintiff repeats and realleges paragraphs 1 – 26 and 202 as though fully set forth herein.

**211.**

Defendant committed the tort of conversion in violation of Oregon law by intentionally exercising control over Plaintiff's property interest in the works of art identified in paragraphs 203-205 such that Defendant's actions seriously interfered with Plaintiff's sole right to control the above-identified works of art.

**212.**

Plaintiff has lost substantial revenue from Defendant's conversion of Plaintiff's property interest.

**213.**

Plaintiff's sale of its own works and derivative works is prejudiced by Defendant's conversion of Plaintiff's property interest in those works of art.

**ALLEGATIONS COMMON TO ALL DEFENDANTS**

**214.**

All Defendants are competitors of Plaintiff and had access to view all of Plaintiff's works of art through the Plaintiff's main website *vision-strike-wear.com* which bears photographs of each work of art. Plaintiff's website has been around for almost a decade and has a large volume of sales such that the works of art have been widely disseminated.

//

**Page 85 – COMPLAINT**

**215.**

Each and every Defendants' acts, as aforesaid, violate Plaintiff's exclusive rights under §106 of

the Copyright Act of 1976, 17 U.S.C. §106, and constitute infringement of Plaintiff's copyrights.

Defendants' past and continuing copying, advertising, distribution and sale of the articles bearing

infringing copyrighted works of art (whether described in this Complaint as "works of art,"

"works," "works of visual art," or "designs") constitutes a willful and deliberate infringement of

Plaintiff's copyrights and is causing irreparable harm and damage in the form of lost sales to

Plaintiff.

**216.**

Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a

result of Defendants' wrongful acts in an amount subject to proof at trial, statutory damages,

attorney fees and costs, or any combination thereof.

**217.**

As a consequence of the infringing activities of Defendants, regarding the copyrighted

works of art as complained of herein, Plaintiff has and will continue to suffer irreparable injury

unless Defendants' infringements of the copyrighted works of visual art is enjoined by this

Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

A.  Order that each Defendant, its officers, directors, agents, servants, employees,

representatives, attorneys, related companies, successors, assigns and all others in active concert

or participation with them, be immediately and permanently enjoined from any further acts of

infringement of the Plaintiff's copyrights by their sale or distribution of any clothing articles,

coins and/or mugs containing visual reproductions or derivative works of Plaintiff's copyrighted works of visual art.

B.  Order the impoundment and destruction of all articles of clothing, coins and/or mugs bearing reproductions of Plaintiff's copyrighted works of visual art;

C.  Order that each Defendant be required to pay to Plaintiff such actual damages as they have sustained as a result of each Defendant's copyright infringement, pursuant to 17 U.S.C. §504(b);

D.  Order that each Defendant be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived by its copyright infringement, pursuant to 17 U.S.C. 504(b);

E.  Order that each Defendant be required to pay Plaintiff statutory damages, pursuant to 17 U.S.C. §504(c);

F.  Issue a judgment that each Defendant's infringements of Plaintiff's copyrights have been willful and wanton;

G.  Order that each Defendant be required to pay Plaintiff an increase in the award of statutory damages up to treble damages due to each Defendant's willful infringement, pursuant to 17 U.S.C. §504(c)(2);

H.  Order that each Defendant be ordered to pay to Plaintiff the costs of this action along with reasonable attorney fees; and

I.  Such further relief as the Court deems just.

//

//

//

//

//

//

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all claims where it is so entitled, pursuant to FRCP 38(b).


Respectfully Submitted by:

Dated February 13, 2018

*/s/ James E. Bailey*
James E. Bailey, OSB # 922008
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: jbailey@byllp.com

*/s/ Aron D Yarmo*
Aron D. Yarmo, OSB # 934626
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: ayarmo@byllp.com

*/s/ Mark S. Hubert*
Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
v: 503.234.7711
e: markhubert@pacifier.com

Attorneys for Plaintiffs