TODD G. GLASS, OSB 94319
tglass@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile:  (206) 883-2699

ANTHONY J WEIBELL, CSB 238850 (*Pro Hac Vice Admission Pending*)
aweibell@wsgr.com
RYAN T O'HOLLAREN, CSB 316478 (*Pro Hac Vice Admission Pending*)
rohollaren@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendant
*Teespring, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| STAY FROSTY ENTERPRISES, LLC., | CASE NO.:  3:18-cv-00283-SB |
| Plaintiff, | **DEFENDANT TEESPRING, INC'S ANSWER TO THE COMPLAINT** |
| v. | |
| AMAZON.COM INC., et al.; | |
| Defendants. | |

Defendant Teespring, Inc. ("Teespring" or "Defendant") hereby answers the allegations in the Complaint filed on February 2, 2018 by plaintiff Stay Frosty Enterprises LLC.[1] Except as explicitly admitted herein, each and every allegation of the Complaint is denied.

## Parties

1.      Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 1.

2.      Paragraph 2 relates solely to allegations against other defendants.

3.      Teespring admits that it is a Delaware Corporation headquartered in San Francisco, California, with offices in other parts of the United States and a facility located in Hebron, KY. Teespring admits that it has three different business registration numbers. Teespring admits that its registered agent is Registered Agent Solutions, 9 E. Loockerman Street, Suite 311, Dover, DE 19901. Teespring denies the remaining allegations of Paragraph 3.

4.      Paragraphs 4-14 relate solely to allegations against other defendants.

## JURISDICTION & VENUE

5.      Teespring admits that this Court has subject matter jurisdiction over this action based on the federal question (copyright infringement under 17 U.S.C. § 101). Teespring denies the remaining allegations in Paragraph 15 and any implied allegation that an actual copyright infringement has occurred.

6.      Teespring denies the allegations of Paragraph 16.

7.      Teespring denies the allegations of Paragraph 17. Plaintiff alleges that venue is proper in this District because "a substantial part of the acts, events or omissions giving rise to

---

[1] There is a discrepancy in the Complaint in that the caption page and first paragraph list "Teespring.com, Inc." as a defendant and not "Teespring, Inc.," but the description in the third paragraph identifies "Teespring, Inc." as a defendant. This error should be corrected to avoid a judgment on the pleadings under Rule 12(c).

the claim[s]" occurred in this District but alleges no facts to substantiate this allegation. Teespring is not located in this District. It is a Delaware corporation with headquarters in San Francisco, California. Derek Frost, the alleged copyright owner of the alleged Works at the time of the alleged infringement, was located in California. Plaintiff does not allege that any infringing activities occurred in this District.

### FACTS COMMON TO ALL COUNTS

8.    Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 18.

9.    Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 19.

10.    Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 20.

11.    Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 21.

12.    Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 22.

13.    Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 23.

14.    Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 24.

15.    Teespring denies the allegations of Paragraph 25.

16.    Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 26.

**[COUNTS RELATING SOLELY TO DEFENDANT AMAZON]**

17.    Paragraphs 27-65 relate solely to allegations against other defendants.

**COUNTS THIRTY-THREE TO FIFTY**

**COPYRIGHT INFRINGEMENT**

**DEFENDANT TEESPRING**

18.    Teespring denies the allegations of Paragraph 66.

19.    Teespring denies the allegations of Paragraph 67.

20.    Teespring denies the allegations of Paragraph 68.

21.    Teespring denies the allegations of Paragraph 69.

22.    Teespring denies the allegations of Paragraph 70.

23.    Teespring denies the allegations of Paragraph 71.

24.    Teespring denies the allegations of Paragraph 72.

25.    Teespring denies the allegations of Paragraph 73.

26.    Teespring denies the allegations of Paragraph 74.

27.    Teespring denies the allegations of Paragraph 75.

28.    Teespring denies the allegations of Paragraph 76.

29.    Teespring denies the allegations of Paragraph 77.

30.    Teespring denies the allegations of Paragraph 78.

31.    Teespring denies the allegations of Paragraph 79.

32.    Teespring denies the allegations of Paragraph 80.

33.    Teespring denies the allegations of Paragraph 81.

34.    Teespring denies the allegations of Paragraph 82.

35.    Teespring denies the allegations of Paragraph 83.

36.     Teespring denies the allegations of Paragraph 84.

37.     Teespring denies the allegations of Paragraph 85.

38.     Teespring denies the allegations of Paragraph 86.

39.     Teespring denies the allegations of Paragraph 87.

40.     Teespring denies the allegations of Paragraph 88.

41.     Teespring denies the allegations of Paragraph 89.

## COUNT FIFTY-ONE: CONVERSION - OREGON COMMON LAW

## DEFENDANT TEESPRING

42.     Teespring denies the allegations of Paragraph 90.

43.     Teespring denies the allegations of Paragraph 91.

44.     Teespring denies the allegations of Paragraph 92.

## [COUNTS RELATING SOLELY TO OTHER DEFENDANTS]

45.     Paragraphs 93-213 relate solely to allegations against other defendants.

## ALLEGATIONS COMMON TO ALL DEFENDANTS

46.     Teespring lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 214.

47.     Teespring denies the allegations of Paragraph 215.

48.     Teespring denies the allegations of Paragraph 216.

49.     Teespring denies the allegations of Paragraph 217.

## PRAYER FOR RELIEF

50.     Teespring denies that Plaintiff should recover any of the relief requested in its Prayer for Relief.

## DEFENSES

51.     Pursuant to Rule 8(c) of the Federal Rules of Civil procedure, Teespring sets forth the following affirmative and other defenses, and does so on information and belief as to the actions of others.  Teespring does not concede that it bears the burden of proof or persuasion on any of these defenses.  Teespring reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

### FIRST DEFENSE

### (DMCA Safe Harbors)

52.     Plaintiff's claims are barred in whole or in part by the DMCA safe harbors in 17 U.S.C. § 512. Teespring operates an online service that allows users to upload and print their designs on clothing and other articles. Teespring did not direct that any of the images at issue in this action be uploaded or printed using the Teespring service; all of those actions were done at the direction of a third-party user. Teespring does not tolerate infringement of intellectual property rights on the Teespring platform. To the contrary, Teespring requires all users to covenant to the following:

> By creating a campaign through the Teespring Service, you represent and warrant that you own or are the licensee of all trademark rights, copyrights, rights of publicity and other intellectual property or other proprietary rights necessary to create and conduct the campaign ("Campaign Rights"), including any rights relating to the name, description, images, text or URL used for the campaign.

53.     Teespring has also adopted and reasonably implemented, and informs users of, its policy that provides for the termination in appropriate circumstances of users who are repeat violators of this agreement. And Teespring accommodates and does not interfere with standard technical measures. Teespring also responds expeditiously to valid DMCA notices of claimed

infringement by removing and/or disabling access to allegedly infringing content and disabling users' ability to print allegedly infringing images on products.

## SECOND DEFENSE

### (Lack of Standing)

54.     Plaintiff lacks standing to bring some or all of its asserted claims because Plaintiff is not the "legal or beneficial owner of an exclusive right under a copyright" under 17 U.S.C. § 501(b) for each of the copyrights asserted in this action. On information and belief, those rights were not in the possession of the purported author of the Works at the time of the purported assignment of copyright to Plaintiff. For example, the Complaint alleges that at least some of the Works are exclusively owned by a third party.

## THIRD DEFENSE

### (Failure to State a Claim for Copyright Infringement)

55.     Plaintiff fails to state a claim for copyright infringement because it fails to allege facts showing that ownership of a valid copyright and copying by Teespring of the constituent elements of the work that are original.

## FOURTH DEFENSE

### (License)

56.     Plaintiff's claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by the owners of the asserted copyrights, including licenses that expressly or impliedly permit the conduct alleged to be infringing by Plaintiff. Plaintiff has admittedly licensed individuals to make use of the asserted copyrighted images and has alleged no facts to show the alleged infringing acts were not committed by licensees of those copyrights.

## FIFTH DEFENSE

### (Fair Use)

57.     Plaintiff's claims are barred in whole or in part by 17 U.S.C. § 107 and the

doctrine of fair use because, to the extent Teespring has allegedly engaged in the unauthorized

use of any copyrighted material, that use is a permitted fair use under the law.

## SIXTH DEFENSE

### (Failure to Mitigate Damages)

58.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to

mitigate its damages, if any, including by failing to make use of the tools provided by Teespring

to report and stop any infringement on the Teespring service.

## SEVENTH DEFENSE

### (Innocent Intent)

59.     Plaintiff's damages, if any, are limited by Teespring's innocent intent because

Teespring at no time intended to infringe any copyright and instead relied on the promises made

by its users that they had the rights to upload and print the allegedly infringing images.

## EIGHTH DEFENSE

### (Copyright Misuse)

60.     Plaintiff's claims are barred in whole or in part by the doctrine of copyright

misuse because Plaintiff has sought to use its copyrights to restrict activity that is not protected

by copyright law, including activity protected by the DMCA and the mere "offering" of products

for sale.

**NINTH DEFENSE**

**(Lack of Originality)**

61.     Plaintiff's claims are barred in whole or in part because the works at issue lack

sufficient originality to be protected by copyright law.

**TENTH DEFENSE**

**(Estoppel)**

62.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**ELEVENTH DEFENSE**

**(Waiver)**

63.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**TWELFTH DEFENSE**

**(Federal Preemption)**

64.     Plaintiff's state law claims are preempted by federal copyright law.

**THIRTEENTH DEFENSE**

**(Improper Venue)**

65.     Venue is not proper in this District because this is not a judicial district in which

all defendants are residents of the State in which the district is located and this is not a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred, or

a substantial part of property that is the subject of the action is situated. Teespring is not located

in this District. It is a Delaware corporation with headquarters in San Francisco, California.

Derek Frost, the alleged copyright owner of the alleged Works at the time of the alleged

infringement, was located in California. Plaintiff does not allege facts showing that any

infringing activities occurred in this District.

## FOURTEENTH DEFENSE

### (Failure to Join an Indispensable Party)

66.    Plaintiff's complaint against Teespring should be dismissed for failure to join a required party-namely the user or users who uploaded the allegedly infringing designs to the Teespring service and warranted that they had the necessary rights to do so.

## FIFTEENTH DEFENSE

### (Improper Joinder)

67.    Plaintiff's complaint against Teespring should be dismissed for improper joinder because Plaintiff fails to allege, and cannot allege, as required by Fed. R. Civ. P. 20, that "any right to relief is asserted against [defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." There is simply no connection between the defendants in this action or the alleged acts of infringement of which they are accused beyond the fact that the allegedly infringed Works are all Works owned by Plaintiff. Such an allegation fails to establish proper joinder. *AF Holdings LLC v. Does 1-1058*, 752 F.3d 990, 998-99 (D.C. Cir. 2014) ("Simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.").


Dated: April 17, 2018              WILSON SONSINI GOODRICH & ROSATI
                                   Professional Corporation

                                   By:  */s/ Todd G. Glass*
                                        Todd G. Glass, OSB #94319
                                        *Attorneys for Defendant* TEESPRING, INC.