Robert T. Cruzen, OSB# 080167
rob.cruzen@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

Counsel for Defendant
AMAZON.COM, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON,

PORTLAND DIVISION

| | |
|---|---|
| STAY FROSTY ENTERPRISES LLC, an Oregon Limited Liability Company,<br><br>Plaintiff,<br><br>-vs.-<br><br>AMAZON.COM INC., a Delaware Corporation; TEESPRING.COM INC., a Delaware Corporation; KIDDER CORP, a Delaware Corporation; SUNFROG LLC, a Michigan Limited Liability Company; US DOD COINS LLC, a Florida Limited Liability Company; EMPIRE DESIGN AND INSIGNIA, DBA EMPIRE COIN CO, a New York Limited Liability Company; VIRALSTYLE LLC, a Florida Limited Liability Company; SPREADSHIRT INC., a Delaware Corporation; TEEZILLY LLC, a New York Limited Liability Company; VETERAN APPAREL, LLC a North Carolina Limited Liability Company; ISMAEL RAMOS, an individual; MILCOINS.COM LLC, a Connecticut Limited Liability Company; and COASTAL ADVERTISING SPECIALITIES INC, a Georgia Corporation,<br><br>Defendants. | Case No.: 3:18-cv-00283-SB<br><br><br>MOTION TO SEVER OF DEFENDANT AMAZON.COM, INC. |

MOTION TO SEVER

**TABLE OF CONTENTS**

L.R. 7-1(a) CERTIFICATION -------------------------------------------------------------------------------- 1

MOTION -------------------------------------------------------------------------------------------------------- 1

SUPPORTING MEMORANDUM -------------------------------------------------------------------------- 1

    I.      INTRODUCTION ---------------------------------------------------------------------- 1

    II.     ARGUMENT ---------------------------------------------------------------------------- 2

    III.    CONCLUSION-------------------------------------------------------------------------- 5

CERTIFICATE OF SERVICE ---------------------------------------------------------------------------- 6

## TABLE OF AUTHORITIES

*Cases:*                                                                                                    *Page(s):*

*Bridgeport Music, Inc. v. 11C Music*,
 202 F.R.D. 229 (M.D. Tenn. 2001) ............................................................................... 4

*Clear Skies Nevada, LLC v. Doe-98.232.166.89*,
 No. 3:15-CV-02142-AC, 2016 WL 8738173 (D. Or. Apr. 27, 2016),
 report and recommendation adopted, No. 3:15-CV-02142-AC,
 2016 WL 8738164 (D. Or. May 6, 2016) ................................................................... 3, 4

*Desert Empire Bank v. Ins. Co. of N. Am.*,
 623 F.2d 1371 (9th Cir. 1980) ...................................................................................... 3

*Fonovisa, Inc. v. Does 1-9*,
 No. CIV. A. 07-1515, 2008 WL 919701 (W.D. Pa. Apr. 3, 2008) ............................... 4

*Jenkins v. Lares*,
 No. 2:13-CV-2273-DB, 2017 WL 3381809 (E.D. Cal. Aug. 7, 2017),
 report and recommendation adopted, No. 213CV2273GEBDBP,
 2017 WL 3953891 (E.D. Cal. Sept. 8, 2017) ................................................................ 2

*Pan Am. World Airways, Inc. v. United States Dist. Court for Cent. Dist.*,
 523 F.2d 1073 (9th Cir. 1975) ...................................................................................... 2

*Star Fabrics, Inc. v. Am. Int'l Co. Inc.*,
 No. CV 13-3232 PSG (RZX), 2013 WL 12314443 (C.D. Cal. Oct. 11, 2013) ............. 3

*Rules:*

Fed. R. Civ. P. 19 ................................................................................................................ 2

Fed. R. Civ. P. 20 ............................................................................................................ 2, 4

Fed. R. Civ. P. 21 ............................................................................................................ 1, 2

## L.R. 7-1(A) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for defendant Amazon.com, Inc. ("Amazon") made a good-faith effort to resolve the issues addressed in this motion but has been unable to do so. Specifically, because plaintiff Stay Frosty Enterprises, LLC ("plaintiff") is unrepresented and has provided no telephone number in its filings, counsel for Amazon wrote to plaintiff using the address provided in the motion to withdraw filed by plaintiff's former counsel, set forth the basis of this motion, and requested that plaintiff contact Amazon's counsel to discuss the motion. Amazon's counsel has received no response.

## MOTION

Amazon respectfully moves pursuant to Fed. R. Civ. P. Rule 21 the Court to sever Amazon from this action because Amazon is unrelated to any of the other defendants and the underlying facts that form the purported bases of plaintiff's copyright allegations against Amazon are wholly different from the facts that form the bases of plaintiff's claims against the other defendants.

Amazon has also separately filed a Motion to Dismiss this action because plaintiff is a limited liability company that has failed to secure replacement counsel after its lawyers withdrew, and it cannot represent itself *pro se* before the Court.  ECF No. 65.  If the Court grants Amazon's Motion to Dismiss, then it need not rule on this Motion to Sever at this time.

## SUPPORTING MEMORANDUM

### I.      INTRODUCTION

Plaintiff has accused thirteen defendants of copyright infringement by selling a variety of different products.  ECF No. 1.  Amazon is not alleged to be related to any of the other defendants, and it is not alleged to have coordinated any activities with the other defendants.  The set of products Amazon is alleged to have sold is not the same set of products that any other defendant is alleged to have sold.  Amazon is unaware of any possible basis for plaintiff to contend that

mandatory joinder pursuant to Rule 19 could apply to this action. And permissive joinder under Rule 20 requires that the right to relief asserted against the defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Here, plaintiff has not alleged that its claims in this case asserted against all defendants arose out of the same transaction or occurrence (or series of transactions or occurrences). Instead, plaintiff contends that these unrelated defendants *separately* infringed its copyrights to various different works when they independently sold different products without the participation of any other defendant. That fails to meet Rule 20's requirements. Therefore, Amazon should be severed from this action unless the Court opts instead to dismiss the case entirely pursuant to Amazon's separately filed Motion to Dismiss.

## II.     ARGUMENT

In assessing a motion to sever pursuant to Rule 21, any underlying basis for joinder must first be identified. "By itself, Rule 21 cannot furnish standards for the propriety of joinder, for it contains none. Hence it must incorporate standards to be found elsewhere." *Pan Am. World Airways, Inc. v. United States Dist. Court for Cent. Dist.*, 523 F.2d 1073, 1079 (9th Cir. 1975). Here, only Rule 20's requirements for permissive joinder could apply. There is no basis for concluding that Rule 19's mandatory joinder provisions control, because no defendant is a required party in order to afford complete relief on the claims asserted against any other defendant. Where a "plaintiff's claims each involve a discrete group of defendants, none of whom is a required party, the proper standards for joinder can be gleaned from Federal Rule of Civil Procedure 20." *Jenkins v. Lares*, No. 2:13-CV-2273-DB, 2017 WL 3381809, at *3 (E.D. Cal. Aug. 7, 2017), report and recommendation adopted, No. 213CV2273GEBDBP, 2017 WL 3953891 (E.D. Cal. Sept. 8, 2017).

"Rule 20(a) imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). In the present case, plaintiff cannot satisfy the first element of the test because its claim against each defendant is alleged to arise out of a completely separate set of facts.

Plaintiff does not allege that (1) Amazon is related to any other defendant, (2) that Amazon participated in any other defendant's alleged acts of infringement, or (3) that any other defendant participated in Amazon's alleged acts of infringement. *See* ECF No. 1 at ¶¶2-14, 27-62. No defendant other than Amazon is alleged to have sold the accused shirts at issue in the claims against Amazon. *Id.*[1] In fact, plaintiff charges some defendants with selling entirely different classes of goods: for example, Amazon is accused of selling only allegedly infringing t-shirts, but defendant Kidder Corp is charged with selling allegedly infringing coins. ECF No. 1, at ¶¶28, 94-95.

This Court has rejected attempts to join multiple copyright defendants in a single suit where they are alleged to have engaged in separate acts of infringement. *See, e.g. Clear Skies Nevada, LLC v. Doe-98.232.166.89*, No. 3:15-CV-02142-AC, 2016 WL 8738173, at *1 (D. Or. Apr. 27, 2016), report and recommendation adopted, No. 3:15-CV-02142-AC, 2016 WL 8738164 (D. Or.

---

[1] Indeed, even the set of copyrights allegedly infringed by Amazon is different from the set of copyrights allegedly infringed by the other defendants. For example, plaintiff's first allegation of infringement as to Amazon relates to plaintiff's alleged copyrighted design "Shogun Pacific Chiefs." *Id*. ¶28. No other defendant is alleged to have infringed that copyright. But even if the same set of copyrights was independently infringed by every defendant, that would not be enough to support joinder. *See e.g. Star Fabrics, Inc. v. Am. Int'l Co. Inc.*, No. CV 13-3232 PSG (RZX), 2013 WL 12314443, at *1 (C.D. Cal. Oct. 11, 2013) (severing defendants because no common transaction existed even though each defendant was "accused of infringing the same copyrighted design").

MOTION TO SEVER                                                                                                    3

May 6, 2016). In the *Clear Skies Nevada* case, the defendants were alleged to have participated together in the same bit torrent "swarm." The Court rejected the notion that joinder is appropriate merely because a plaintiff contends it was harmed in the same way by different defendants. "[T]he Court is not persuaded by Plaintiffs' argument that its infringement counts are properly joined because Plaintiffs suffered the same harm in each instance. According to this logic, a copyright plaintiff could join as defendants any otherwise unrelated parties who independently copy material owned by the plaintiff." *Id*., quoting *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232 (M.D. Tenn. 2001); *see Fonovisa, Inc. v. Does 1-9*, No. CIV. A. 07-1515, 2008 WL 919701, at *5 (W.D. Pa. Apr. 3, 2008) (observing that "under this logic, there would be virtually no limit to the number of parties that could be joined, which would effectively nullify the transactional requirement."). Here, plaintiff does not suggest that Amazon participated together with any (let alone all) of the defendants in even one act of infringement in a similar fashion.

Thus, it is clear that plaintiff's allegations fail to satisfy Rule 20's requirements for permissive joinder. But even if they had, there would be good reason to sever the defendants in this case. The Court may order parties severed in order "to protect any party against expense, delay, or other prejudice." *See* Fed. R. Civ. P. 20(b); *see Clear Skies Nevada,* 2016 WL 8738173, at *1. Here, the evidence and witnesses on which Amazon will rely at trial are completely different from the evidence and witnesses on which any other defendant would rely. Allowing this matter to proceed with thirteen independent defendants in the case "will create logistical complications with each defendant filing different motions, including dispositive motions. These motions will raise unique factual and legal issues that require them to be analyzed individually." *Clear Skies Nevada*, 2016 WL 8738173, at *3.

Therefore, even if Rule 20 were satisfied in this case, the Court would still be justified in

severing Amazon from the other defendants to ensure efficiency, protect Amazon from prejudice that likely would arise when allegations directed at other defendants are presented at trial, and to minimize jury confusion.

### III.  CONCLUSION

Because plaintiff fails to allege that its claims arose from a common transaction or occurrence with regard to all defendants, and in the interests of judicial efficiency and fairness, Amazon's Motion to Sever should be granted.

December 7, 2018                             Respectfully submitted,

                                      By:  s/ Robert T. Cruzen
                                           Robert T. Cruzen, OSB# 080167
                                           rob.cruzen@klarquist.com
                                           KLARQUIST SPARKMAN, LLP
                                           121 S.W. Salmon St., Ste. 1600
                                           Portland, Oregon 97204
                                           Telephone: (503) 595-5300
                                           Facsimile: (503) 595-5301

                                           Counsel for Defendant
                                           AMAZON.COM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I caused a true and correct copy of the foregoing MOTION TO SEVER OF DEFENDANT AMAZON.COM, INC. to be served via CM/ECF and U.S. Mail on the following:

> Stay Frosty Enterprises, LLC
> 6312 SW Capitol Hwy Box 209
> Portland, OR 97239

        s/ Robert T. Cruzen
        Robert T. Cruzen