IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF

OREGON PORTLAND DIVISION

| | |
|---|---|
| STAY FROSTY ENTERPRISES LLC, an Oregon Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., a Delaware Corporation; TEESPRING.COM INC., a Delaware Corporation; SUNFROG LLC, a Michigan Limited Liability Company, and SPREADSHIRT INC., a Delaware Corporation. | Case No. 3:18-cv-00283-SB<br><br>**Exhibit 1** |

James Edwin Bailey, III (922008)
Bailey & Yarmo LLP
Attorney for Plaintiff Stay Frosty Enterprises LLC
780 NW York Drive
Bend, OR 97701
541-317-9000
jbailey@byllp.com

David H. Madden (080396)
Mersenne Law
Attorney for Sunfrog LLC
9600 SW Oak Street, Ste. 500
Tigard, OR 97223
503-224-3745
dhm@mersenne.com

Anthony Weibell (238850)
Wilson Sonsini Goodrich & Rosati
Attorney for Teespring.com Inc.
701 Fifth Ave., Suite 5100
Seattle WA 98104
206-883-2500
tglass@wsgr.com

Robert T. Cruzen (080167)
Klarquist Sparkman, LLP
Attorneys for Defendant Amazon
One World Trade Center
121 SW Salmon Street, Ste. 1600
Portland, OR 97204
503-595-5300
rob.cruzen@klarquist.com

John A. Di Giacomo (P73056)
Eric W. Misterovich (P73422)
Revision Legal LLC
444 Cass Street, Ste. D
Traverse City, MI 49684
231-714-0100
john@rivisionlegal.com
eric@rivisionlegal.com

Casey M. Nokes (076641)
Cable Huston LLP
Attorney for Spreadshirt Inc.
1001 SW 5th Avenue, Ste. 2000
Portland, OR 97201-1136
503-224-3092
cnokes@cablehuston.com

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
OREGON PORTLAND DIVISION

| | |
|---|---|
| STAY FROSTY ENTERPRISES LLC, an Oregon Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., a Delaware Corporation; TEESPRING.COM INC., a Delaware Corporation; SUNFROG LLC, a Michigan Limited Liability Company, and SPREADSHIRT INC., a Delaware Corporation,<br><br>Defendants. | Case No. 3:18-cv-00283-SB<br><br>**Declaration of Christopher Carol** |

James Edwin Bailey, III (922008)
Bailey & Yarmo LLP
Attorney for Plaintiff Stay Frosty Enterprises LLC
780 NW York Drive
Bend, OR 97701
541-317-9000
jbailey@byllp.com

David H. Madden (080396)
Mersenne Law
Attorney for Sunfrog LLC
9600 SW Oak Street, Ste. 500
Tigard, OR 97223
503-224-3745
dhm@mersenne.com

Anthony Weibell (238850)
Wilson Sonsini Goodrich & Rosati
Attorney for Teespring.com Inc.
701 Fifth Ave., Suite 5100
Seattle WA 98104
206-883-2500
tglass@wsgr.com

Robert T. Cruzen (080167)
Klarquist Sparkman, LLP
Attorneys for Defendant Amazon
One World Trade Center
121 SW Salmon Street, Ste. 1600
Portland, OR 97204
503-595-5300
rob.cruzen@klarquist.com

John A. Di Giacomo
Eric W. Misterovich
Revision Legal LLC
444 Cass Street, Ste. D
Traverse City, MI 49684
231-714-0100
john@rivisionlegal.com
eric@rivisionlegal.com

Casey M. Nokes (076641)
Cable Huston LLP
Attorney for Spreadshirt Inc.
1001 SW 5th Avenue, Ste. 2000
Portland, OR 97201-1136
503-224-3092
cnokes@cablehuston.com

## DECLARATION OF CHRISTOPHER CAROL

I, Christopher Carol, being duly sworn, state as follows:

1. I am General Counsel for Sunfrog, LLC ("SunFrog") and I have been in this position since June 2017.

2. I have reviewed the pleadings associated with this case.

3. SunFrog is a limited liability company organized under the laws of the State of Michigan.

4. SunFrog provides an online service through which users may sign up for an account, upload a design, and have that design printed on various merchandise, such as t-shirts, sweatshirts, and coffee mugs.

5. Users who upload their designs to the SunFrog website may then either purchase these physical products directly from SunFrog or offer them for sale to third parties.

6. If a third-party purchases a t-shirt through the SunFrog website, SunFrog facilitates the transaction and remits a portion of the purchase price as its service fee.

7. SunFrog does not create, upload, or curate the user-generated designs listed on its website, and it has adopted a process to expeditiously respond to notifications of claimed infringement and to terminate repeat infringers.

8. Upon notification from a rights holder, SunFrog reviews the notification to ensure that the claim is valid and if it is, removes the allegedly infringing design from its website.

9. All users who upload designs to SunFrog's website warrant that the designs do not violate any intellectual property rights, and SunFrog reserves the right to terminate and does terminate users upon violation of these terms.

10. Prior to the filing of this motion, Stay Frosty provided SunFrog with a list of links evidencing the products that Stay Frosty alleges infringe upon its copyright rights.

11. A true and accurate copy of this list of links is attached as Exhibit 3 to SunFrog's Answer.

12. Upon receiving this list, SunFrog's legal department reviewed the links and pulled all sales records concerning the products reflected at those links.

13. These sales records, which are attached to SunFrog's Answer as Exhibit 2, are a true and accurate accounting of the gross sales of SunFrog attributable to the works identified by Stay Frosty as allegedly infringing.

14. These records show that SunFrog received $1,140.13 in gross sales from merchandise bearing Stay Frosty's "Navy Jolly Roger" design, $39.00 in gross sales from merchandise bearing Stay Frosty's "Navy Snipes a Gang," $141.88 in gross sales from merchandise bearing Stay Frosty's "US Veteran It Cannot Be Inherited," $22.99 in gross sales from merchandise bearing Stay Frosty's "US Navy Snipe," and a total of $121.92 in gross sales for three unregistered works (SunFrog SKUs 313062960, 313063057, 313063132; SunFrog SKU 82226633).

15. SunFrog has not printed or sold any designs other than those listed in paragraph 13 of my declaration.

16. "Navy Jolly Roger" was first uploaded and published on the SunFrog website on August 22, 2015.

17. "Navy Snipes a Gang" was first uploaded and published on the SunFrog website on December 12, 2015.

18. "US Veteran It Cannot Be Inherited" was first uploaded and published on the SunFrog website o December 9, 2016.

19. "US Navy Snipe" was first uploaded and published on the SunFrog website on October 17, 2017.

20. In total, SunFrog has sold $1,465.92 worth of merchandise that Stay Frosty alleges infringes upon its copyright rights.

21. SunFrog did not upload or publish any of the works identified by StayFrosty to or on its website. These designs were uploaded by third parties.

22. SunFrog has acted, on average, within 48 hours upon receiving a notice of claimed infringement. SunFrog is unaware of any notice of claimed infringement submitted by StayFrosty that was not acted upon within 48 hours.

23. SunFrog receives financial benefit from the sale of merchandise through its website.

24. Upon notice that a user has uploaded infringing material, SunFrog has the right and ability to control, including by stopping delivery, the sale of works uploaded to its website.

25. SunFrog, however, receives no financial benefit when users upload designs to its website and do not sell them.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Date: February 13, 2019          By: _____
                                     Chris Carol