Daniel DiCicco, OSB # 073730
205 SE Spokane St Suite 300
Portland OR 97202
v: 503.967.3996
e: dan@diciccolegal.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **STAY FROSTY ENTERPRISES LLC,** an Oregon Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>**AMAZON.COM, INC et al**<br><br>Defendant. | Case No. 3:18-cv-00283-SB<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT SUNFROG'S EXHIBITS AND ARGUMENTS** |

## MEET AND CONFER

Pursuant to local rule 7-1, I met and conferred with SunFrog's counsel prior to filing this motion.

## MOTION

Plaintiff hereby moves this court for an order striking Defendant SunFrog's exhibits 4, 5, 6, 7, 8, 9, and 10 from the record, and all portions of SunFrog's reply briefing relying on those exhibits. Striking these exhibits is appropriate because these exhibits submit new factual evidentiary material into the record in support of the moving

Page 1 – PLAINTIFF'S MOTION TO STRIKE

party's reply brief in a Motion for Summary Judgment context. Submitting new arguments and evidence in support of a Motion for Summary judgment is not permissible in a reply briefing because this tactic deprives the non-movant of the ability to challenge arguments that could have been made in the opening brief, and deprives the court of the benefit of each side's views on a given argument.

As a threshold matter, this motion *may* be subject to Local Rule 56(b) "Evidentiary Objections," but the procedural posture of this matter does not neatly fit into the rule. The local rule requires a party to assert evidentiary objections in a response or reply memorandum but it does not contemplate the introduction of *new* evidence in a reply memorandum, and as a result no procedure is described for objecting to that evidence. This underscores the validity of the instant motion but it also leaves us guessing as to how best to raise the instant issue.

## POINTS AND AUTHORITIES

The submission of new evidence via a reply affidavit is prohibited by rule because "[a]ny affidavit supporting a motion must be served with the motion." FRCP 6(2)(b). This rule contemplates that the moving party will present both the essence of its legal arguments and any evidence supporting those arguments at the time it makes its motion. *Burns. V. Gadsden State Cmty. Coll.* 908 F.2d 1512, 1517 (11th Cir. 1990). The rule assures that an opposing party will have sufficient opportunity to respond to the moving party's arguments and evidence before the court rules on the motion.

As one court noted:

> Justice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond. This is precisely the kind of trial by ambush that the federal rules summarily reject.[1]

This rule is particularly important in the context of a Motion for Summary Judgment, which is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 901 (7th Cir. 2003).  A party moving for summary judgment represents to the court that all of the evidence it needs to prevail currently resides in the record. The duty of an opposing party is to demonstrate that a genuine issue of material fact exists or that the moving party's claims fail on their face, and the opposing party is given a fixed body of arguments and evidence as a foundation upon which it may craft its legal position. If that body of evidence were allowed to shift beneath the nonmoving party's feet then the non-moving party's duties would be expanded to guessing what evidence the movant may be holding in store, which is fundamentally unfair to a party looking to craft a durable legal position.

There is a deep irony in a party moving for judgment on the pleadings asserting that its wins by an affirmative defense that it has neither pled nor proven, because the essence of the particular affirmative defense raised by SunFrog is that it would be liable *but for* that affirmative defense. In the instant

---

[1] See *Tischcon Corp.* 2005 WL 6038743 at 8.

case, Plaintiff demonstrated in its Response to SunFrog's Motion for Summary Judgment that SunFrog not only completely failed to prove the affirmative defenses upon which it relied in its motion, but that Summary Judgment was in fact appropriate against SunFrog due to its own pleading deficiencies. To allow SunFrog to go back to the well to drum up new evidence after it effectively rested its case is akin to allowing a party to call new witnesses to the stand during its rebuttal closing argument.

The court should note that the evidence submitted with SunFrog's reply briefing is not rebuttal evidence, but completely new evidence. If the evidence were rebuttal evidence then all SunFrog would have accomplished in submitting that evidence is demonstrate that a genuine issue of material fact exists. SunFrog is not arguing that position. It is arguing that no genuine issues exist. Thus, the evidence is well and truly *new* evidence to the record.

SunFrog's duty in moving for Summary Judgment was to "put up" its evidence. Because it failed to do that, it must now remain silent while the court evaluates what was properly offered into evidence. The remainder should be struck from the court's consideration.

Respectfully Submitted by:

Dated March 1, 2019

*/s/ Daniel DiCicco*
Daniel DiCicco, OSB # 073730
205 SE Spokane St. Suite 300
Portland OR
97202
v: 503.967.3996

Page 4 – PLAINTIFF'S MOTION TO STRIKE

e: dan@diciccolegal.com

Attorney for Plaintiff

Page 5 – PLAINTIFF'S MOTION TO STRIKE